

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00027-CR

Cresencio **ALVARADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR10798
Honorable Jefferson Moore, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: November 6, 2019

AFFIRMED

Cresencio Alvarado was convicted by a jury of sexual assault. On appeal, Alvarado challenges the sufficiency of the evidence to support the trial court's finding that the victim, B.H., was "unconscious or physically unable to resist." We affirm the trial court's judgment.

## BACKGROUND

Alvarado was charged by indictment with sexual assault. The indictment alleged Alvarado intentionally and knowingly caused the penetration of B.H.'s sexual organ with his sexual organ without B.H.'s consent.

Annallie Ayala and B.H. were childhood best friends. B.H. was visiting with Ayala when Alvarado, Ayala's boyfriend, drove the three of them to a bar. Ayala and Alvarado testified B.H. was making sexually suggestive comments and was "very touchy" with Alvarado while they were at the first bar but not after they arrived at a second bar. After leaving the second bar, Ayala and B.H. testified B.H. was intoxicated and passed out in the back seat. Although the stories varied as to B.H.'s level of intoxication and ability to walk, the evidence is undisputed that Alvarado carried B.H. into Ayala's townhome and placed her in Ayala's son's bedroom. After Ayala and Alvarado played a prank on B.H. by putting powder in her hair, they returned to Ayala's bedroom.

B.H. testified Alvarado entered the room where she was sleeping on three occasions, turned on the lights, and penetrated her each time. B.H. testified she did not consent to Alvarado's actions but was unable to tell Alvarado anything because she "was out of it." B.H. further testified:

> I was trying to wrap my mind around what was going on and I couldn't — I couldn't snap out of it. I was so — I guess I was, like, groggy and still intoxicated and half asleep, trying to wake up.

B.H. testified she tried to push Alvarado off but further explained:

> But how I was feeling, I couldn't do it with much force. I remember kind of swinging my arm towards him. He put my arm down and he put my other arm down.

B.H. testified during the first encounter she was unable to push Alvarado off, but he turned off the lights and left "when he felt like I was starting to kind of wake up." After Alvarado left the first time, B.H. testified she felt herself starting to doze off when Alvarado returned, turned the lights on, and continued penetrating her. B.H. did not remember if she tried to push him off the second or third time. She remembered swinging her arm in front of Alvarado but being unable to move it with a lot of force. She then remembered Alvarado "grabbed [her] wrist and put it down and grabbed [her] other hand and put it down next to [her]." B.H. later described Alvarado's actions as pinning her arms down at her side and "holding me enough to keep my arms down because he

knew I couldn't really put up a fight." B.H. testified she was not physically able to prevent Alvarado from sexually assaulting her. After Alvarado left the third time, B.H. heard a door slam which "snapped" her out of it. B.H. then called two friends before calling the police.

Alvarado testified B.H. entered Ayala's bedroom and asked if Ayala was awake. After Alvarado told B.H. Ayala was asleep, he testified that he followed B.H. to the bedroom where she was sleeping, and they engaged in consensual sexual intercourse. Alvarado denied B.H. told him to stop or tried to push him off. Alvarado admitted he told the police he did not have sexual intercourse with B.H. Alvarado stated he lied because B.H. lied.

After the police arrived, B.H. and Alvarado were taken to the hospital for sexual assault examinations. DNA testing established Alvarado's semen was found on the vaginal swab samples the hospital collected from B.H.

After hearing the evidence, the jury found Alvarado guilty of sexual assault. Alvarado appeals.

## STANDARD OF REVIEW

"When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under this standard, we are required to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

## DISCUSSION

Section 22.011(b) of the Texas Penal Code defines various means by which a sexual assault is without the consent of the other person. TEX. PENAL CODE ANN. § 22.011(b). Consistent with

the indictment, the jury charge instructed the jury that "sexual assault is without consent of the other person if the other person has not consented and the actor knows the other person is unconscious or physically unable to resist or the actor compels the other person to submit or participate by the use of physical force or violence." Therefore, the jury charge instructed the jury on two of the means by which consent would be absent under subsections 22.011(b)(1) and 22.011(b)(3) of the Code.[1]

The Texas Court of Criminal Appeals has held it is "not inclined to be strict in construing the meaning of 'physically unable to resist.'" *Elliott v. State*, 858 S.W.2d 478, 485 (Tex. Crim. App. 1993). The court further held "where assent in fact has not been given, and the actor knows that the victim's physical impairment is such that resistance is not reasonably to be expected, sexual intercourse is 'without consent' under the sexual assault statute." *Id.*; *see also Wilson v. State*, 473 S.W.3d 889, 899 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (noting "the complainant's testimony that she did not consent to engaging in sexual intercourse with appellant is sufficient, by itself, to establish a lack of consent").

In his brief, Alvarado only challenges the sufficiency of the evidence to support the jury's finding that B.H. was "unconscious." Based on B.H.'s testimony, however, the jury could have found B.H. had not consented and Alvarado knew she was physically unable to resist. Alternatively, the jury could have believed B.H.'s testimony that Alvarado used the physical force necessary to restrain her from swinging at him or pushing him off. Deferring to the jury's

---

[1] Those two subsections provide:

    (b) A sexual assault . . . is without the consent of the other person if:

        (1) the actor compels the other person to submit or participate by the use of physical force, violence, or coercion;

***

        (3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;***

TEX. PENAL CODE § 22.011(b)(1), (3).

evaluation of the credibility of the witnesses and the weight to be given the evidence, we hold the evidence is sufficient to support's the jury's finding that B.H. did not consent to the sexual assault.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH